UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIFFANY FORD                                                                                                    PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 4:07CV65 DPJ-JCS

GLOBAL EXPERTISE OUTSOURCING, INC.
D/B/A THE GEO CORP., INC.                                                                         DEFENDANT

ORDER

This employment discrimination case is before the Court on motion of Defendant for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  Plaintiff filed no response.  Having considered the motion, exhibits, and the relevant authorities, the Court concludes that Defendant's motion should be granted and that this case should otherwise be dismissed for failure to prosecute.

I.      Facts and Procedural History

Plaintiff Tiffany Ford sued her employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under 42 U.S.C. § 1981.  In general terms, Plaintiff claims in her Complaint that Defendant Global Expertise Outsourcing, Inc. subjected her to ongoing harassment based on sex and failed to remedy or prevent the harassment.  She further claims that Defendant retaliated against her for complaining about the harassment.

After filing her Complaint, Plaintiff failed to prosecute her claim, leading to various orders compelling her to take action.  When Plaintiff failed to provide her initial disclosures, Defendant filed a motion to compel.  The motion was granted, and Plaintiff complied.  When Plaintiff failed to respond to Defendant's interrogatories or requests for production, Defendant again filed a motion to compel.  Plaintiff never responded to the motion to compel, which was

granted by the magistrate judge.  Plaintiff then ignored the order compelling production, which prompted Defendant to file a May 2, 2008 motion to exclude Plaintiff from presenting or relying upon any evidence that was not disclosed in discovery.

Shortly thereafter, on May 12, 2008, Plaintiff's attorney was allowed to withdraw, and Plaintiff was ordered to find new counsel or advise the Court that she intended to proceed *pro se* within thirty days.  Plaintiff's response to the motion to exclude was stayed during this period.  On June 17th, at Plaintiff's request, these deadlines were extended to July 14th.  Plaintiff was warned by the magistrate judge that, after that date, the Court would rule on the motion to exclude evidence and enter a new scheduling order.  On July 14th, Plaintiff indicated in a letter that she had secured "some representation with Pre-Paid Paralegal Services, Inc." and that she needed a second extension of time.  The magistrate judge denied this request for another extension, noting that Plaintiff had been given sufficient time to retain new counsel.  To date, a new attorney has not made an appearance on Plaintiff's behalf, and Plaintiff has not otherwise informed the Court that she wishes to proceed *pro se*.

The magistrate judge granted Defendant's motion for to exclude evidence on August 13, 2008.  By that time, more than three months had passed since Defendant filed its motion, yet Plaintiff never responded and never produced her discovery responses in compliance with the order compelling production.  The August 13th order prohibited Plaintiff from presenting or relying upon any testimony, evidence or other document in support of her claims to the extent that such testimony, evidence or other document was requested by Defendant in its discovery requests and was not disclosed by Plaintiff.  Plaintiff never appealed that ruling.  Defendant has now filed a motion for summary judgment, Plaintiff has not responded, and the time to respond

has passed without any request for an extension.

II.   Analysis

This case presents two unfortunate issues (1) how to address an unopposed motion for summary judgment; and (2) the appropriate penalties for failing to prosecute and failing to comply with court orders.  Given the circumstances of this case, both issues lead to dismissal with prejudice.

   A.   Motion for Summary Judgment.

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact").  "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial."  *Washburn*, 504 F.3d at 508.

In this case, Plaintiff filed no response, but that alone will not justify granting Defendant's motion.  *See* Uniform Local Rule 7.2(C)(2) (establishing that summary judgment motions may not be granted as unopposed).  As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied--even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(c), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

In the present case, the Court has fully considered Defendant's motion for summary judgment, the record evidence attached thereto, and the applicable law, and finds that Defendant met its burden under Rule 56(c) for the reasons explained in its supporting memorandum. In particular, the record supports dismissal of the Title VII sexual harassment claim for the following reasons. First, there is no record evidence to support a *quid pro quo* claim. *See Williams v. Barnhill's Buffet Inc.*, No. 08-60136, 2008 WL 3911068, at *3 (5th Cir. Aug. 26, 2008). Second, Plaintiff has not rebutted Defendant's proof that she has not met the fifth element of a prima facie case of co-worker harassment under the hostile work environment theory (*i.e.*,

that Defendant knew or should have known of the harassment and failed to take prompt remedial action).  *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005); *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001).  Finally, Defendant's record evidence demonstrates that it has satisfied the *Ellerth/Faragher* defense with respect to supervisory harassment, and there is no evidence rebutting Defendant's proof.  *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

As for the Title VII retaliation claim, Defendant has presented record evidence demonstrating that Plaintiff did not suffer a materially adverse employment action.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (adopting test for adverse actions).  Again, Plaintiff offered no rebuttal evidence as required by Rule 56(c).  *Celotex Corp.*, 477 U.S. at 323.

Finally, Plaintiff's Complaint attempts to state a claim under 42 U.S.C. § 1981, but that statute protects the equal right of "[a]ll persons" to "make and enforce contracts" without respect to race.  There is no record evidence of discrimination based on race.  For these reasons, the Court finds that Defendant's motion should be granted on the merits.

B.      Failure to Prosecute

Even if Defendant failed to meet its burden under Rule 56(c), this case would be subject to dismissal for failure to prosecute.  This Court has the authority under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss an action for failure to prosecute and failure to comply with orders of the Court.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  Such a "sanction is necessary in order to prevent undue delays in the disposition

of pending cases and to avoid congestion in the calendars" of the Court.  *Link*, 370 U.S. at 629-30.  Dismissal with prejudice is appropriate "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992).

As an initial point, grounds to dismiss without prejudice clearly exist.  However, the record demonstrates that dismissal with prejudice is warranted.  Plaintiff never complied with Court orders entered on April 17 (compelling discovery responses) and June 17 (ordering her to retain new counsel or announce that she would represent herself).  Moreover, she failed to respond to Defendant's motion to compel discovery responses; its motion to exclude evidence as a discovery sanction; or its motion for summary judgment.  The facts present "a clear record of delay or contumacious conduct."  *Id.*

The Court also specifically finds that lesser sanctions were previously employed and that additional sanctions would be futile.  The magistrate judge gave Plaintiff sufficient time and extensions from April through August 2008 to produce her discovery responses, find counsel, and respond to the motion to exclude evidence.  Plaintiff failed to avail herself of these opportunities.  *See Callip v. Harris County Child Welfare Dep't.*, 757 F.2d 1513, 1521 (5th Cir.1985) ("Providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.").  Even after the initial sanctions were entered, Plaintiff continued to ignore her claim when she failed to respond to Defendant's motion for summary

judgment.

III.     Conclusion

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is granted; Plaintiff's claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of November, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE